IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE GRAY INSURANCE CO., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RODNEY J. HEGGY, individually; and )<br>HEGGY & ASSOCIATES, LLC, )<br>)<br>Defendants. ) | No. CIV-11-733-C |

MEMORANDUM OPINION AND ORDER

Plaintiff Gray Insurance Company ("Gray") asserts the present professional negligence claim against Defendants Rodney Heggy and Heggy & Associates, LLC (collectively, "Heggy") based on Heggy's provision of allegedly incorrect legal advice. Now before the Court is Plaintiff's motion for partial summary judgment (Dkt. No. 36), Defendants' response (Dkt. No. 38), and Plaintiff's reply (Dkt. No. 40). For the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

I. BACKGROUND

In early 2003, one of Gray's insured, Thomas Drilling Company ("Thomas"), entered into a contract with Zinke & Trumbo, Inc. ("Zinke") to drill a well in Stephens County, Oklahoma. On April 14, 2003, Thomas encountered a "kick" while drilling. Thomas continued drilling through the kick, rather than shutting in the well, causing a blowout. Two years later, on April 13, 2005, Zinke sued Thomas for damage the blowout caused to Zinke's well and well equipment, alleging breach of contract, breach of implied warranties, breach of express warranty, negligence, and gross negligence. (Pl.'s Br., Dkt. No. 36, Ex. 1.) Gray

undertook Thomas's defense without a reservation of rights. Subsequently, on May 15, 2006, the Stephens County District Court granted Thomas summary judgment on all of Zinke's claims except for gross negligence. (Pl.'s Br. Ex. 2.) Gray then sought legal advice from Rodney Heggy and his law firm, Heggy & Associates, LLC, on the treatment of gross negligence under Oklahoma law.

On June 6, 2006, Heggy issued an opinion letter advising Gray that neither of Thomas's insurance policies with Gray covered property damage resulting from gross negligence. (Pl.'s Br. Ex. 3.) Heggy explained that gross negligence and intentional conduct "are one and the same" under the law of Oklahoma. (Id. at 3.) Thomas's policies only provided coverage for a qualifying "occurrence," meaning an unintentional accident. (Id.) Heggy reasoned that because an act of gross negligence equates to an intentional act, it is not accidental, and therefore is not an occurrence covered by Thomas's insurance policies with Gray. (Id.)

After receiving Heggy's opinion, Gray sent Thomas a Reservation of Rights letter. (Pl.'s Br. Ex. 4.) The letter informed Thomas that because Oklahoma law treats gross negligence as an intentional failure to perform a duty, any resulting damage is not accidental, and therefore not covered by either of Thomas's policies with Gray. Given that gross negligence was the only remaining theory of recovery, Gray asserted "the right to deny coverage for judgments or settlements on claims that are not covered by the Policy," and stated that it did not waive any of its rights by agreeing to provide Thomas with independent defense counsel. (Id. at 2-4.) Heggy later advised Gray that this Reservation of Rights was

"timely" even though not issued before assuming Thomas's defense "because it was issued the moment gross negligence became either the predominate issue or the sole surviving issue." (Pl.'s Br. Ex. 5 at 2.)

On November 3, 2006, a jury found Thomas liable for gross negligence, awarding Zinke damages of $1,452,253.67. The Oklahoma Court of Appeals affirmed the jury verdict on September 14, 2009. Thomas paid the judgment and threatened to sue Gray for bad faith for not settling or paying the Zinke claim. Gray subsequently paid Thomas approximately $3 million for the Zinke judgment and bad faith damages. Gray then filed this legal malpractice action against Heggy, alleging that Gray detrimentally relied on Heggy's incorrect opinions and maintained its defense of Thomas rather than settling or otherwise resolving the litigation. Gray challenges Heggy's legal opinion that gross negligence is an intentional act in Oklahoma and therefore not covered and that a reservation of rights letter may be issued after undertaking an unqualified defense of an insured.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "mere factual dispute" is insufficient to preclude summary judgment; "instead there must be a genuine issue of material fact." Cooperman v. David, 214 F.3d 1162, 1164 (10th Cir. 2000). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,'" that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citation omitted). A fact is material if it affects the disposition of the substantive claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 247 (1986). A court considering a summary judgment motion must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000).

### III.  DISCUSSION

To prevail on a professional negligence or legal malpractice claim in Oklahoma, the plaintiff must prove: "(1) the existence of an attorney-client relationship, (2) breach of a lawyer's duty to the client, (3) facts constituting the alleged negligence, (4) a causal nexus between the lawyer's negligence and the resulting injury (or damage) and (5) but for the lawyer's conduct, the client would have succeeded in the [underlying] action." Worsham v. Nix, 2006 OK 67, ¶ 31, 145 P.3d 1055, 1065 (quoting Manley v. Brown, 1999 OK 79, ¶ 8, 989 P.2d 448, 452). In its motion, Plaintiff Gray requests summary judgment on only the first three elements of his professional negligence claim, those relating to relationship and breach.[1]

A.  The Existence of an Attorney-Client Relationship

---

[1] Rule 56(a) states that "[a] party may move for summary judgment, identifying each claim or defense—or the *part* of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added). The language "or the part of each claim or defense" makes clear that partial summary judgment, resulting in the disposition of less than the entire case or claim, is permitted. See 2010 Advisory Committee Notes to Fed. R. Civ. P. 56(a).

As proof of an attorney-client relationship, Plaintiff has submitted opinion letters it received from Defendants and copies of payments it made to Defendants. Defendants have not contested this evidence or disputed the existence of an attorney-client relationship. Therefore, even when viewing the evidence in the light most favorable to Defendants, the non-moving party, the Court finds that Plaintiff has established the existence of an attorney-client relationship between it and Defendants, and grants Plaintiff summary judgment on the first element of its professional negligence claim.

B. Breach and Negligence

Plaintiff also moves for summary judgment on the breach and negligence elements of its professional negligence claim. A lawyer has a duty to "provide competent representation to a client," including "the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." 5 Okla. Stat. App. 3-A, Rule 1.1. Providing anything less than professional competence "is a breach of a lawyer's duty to serve the client." State ex rel. Okla. Bar Ass'n v. Dobbs, 2004 OK 46, ¶ 20, 94 P.3d 31, 44. An attorney who is ignorant of the law breaches the duty of competence and is professionally negligent. Collins v. Wanner, 1963 OK 127, 382 P.2d 105, 108-09. However, when dealing with a controversial or unsettled point of law, a lawyer does not breach the duty of competence by "*failing to anticipate how the uncertainty will ultimately be resolved*," so long as the attorney "acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client." Manley, 1999 OK 79, ¶ 9, 989 P.2d at 452.

Plaintiff argues that Defendants breached their duty of providing competent legal representation by "repeatedly and erroneously opin[ing] that, under Oklahoma law, gross negligence is the equivalent of an intentional act." (Pl.'s Br., Dkt. No. 36, at 6.) It is clear that Defendants equated gross negligence and intentional conduct in their opinion letters. For example, in Defendants' first opinion letter, dated June 2, 2006, Defendants stated that "there was no longer doubt in Oklahoma that the meaning of 'gross negligence' and the meaning of the words in the statute were equated with wilful, wanton, and deliberate acts, i.e. intentional conduct." (Pl.'s Br. Ex. 3 at 2) (emphasis added). Defendants also opined that "under the law of Oklahoma ," "intentional and gross negligence . . . are one and the same" and that it would be an error for the court in the underlying matter to "instruct upon gross negligence as if it were 'very bad' negligence rather than an intentional, willful or reckless act amounting to intentional misconduct." (Id. at 3-4.) Defendants reiterated this position in subsequent correspondence with Plaintiff. (See, e.g., Pl.'s Br. Ex. 5 at 2) ("In Oklahoma, 'gross negligence' is an intentional act, as noted in our coverage opinion dated June 2, 2006.").[2] Therefore, to determine whether Defendants breached their duty to Plaintiff, the Court must examine Oklahoma law to determine its treatment and categorization of gross negligence.

---

[2] (See also Pl.'s Br. Ex.5 at 2 ("'Gross negligence' in Oklahoma is limited to intentional acts in breach of a duty."); Pl.'s Br. Ex. 6 at 6 (opining that "the words gross negligence and intentional conduct are by statute and court usage synonymous in Oklahoma"); Pl.'s Br. Ex. 8 at 2 ("Thus, the only question left is purely contractual and legal:  Is gross negligence covered under either of the policies? . . .  Obviously, it is my opinion neither policy covers gross negligence.  This is because neither policy covers intentional acts.  In Oklahoma, gross negligence has to be an intentional act . . . .").

A thorough review of Oklahoma law reveals that gross negligence is a "degree of negligence," not an intentional act. According to Title 25, § 5 of the Oklahoma Statutes, gross negligence is one of the "three degrees of negligence": "slight, ordinary, and gross." Like slight and ordinary negligence, gross negligence is defined in terms of the amount of "care and diligence" utilized. 25 Okla. Stat. § 6. Specifically, gross negligence is "the want of slight care and diligence." Id. Oklahoma case law recognizes this classification, repeatedly categorizing gross negligence as a type of negligence, rather than an intentional wrong. See Parret v. UNICCO Serv. Co., 2005 OK 54, ¶¶ 12-13, 15, 127 P.3d 572, 575-76 (setting forth the continuum of Oklahoma tort liability and distinguishing between (1) negligence—slight, ordinary, gross—and (2) willful acts—willful and wanton, intentional conduct); Myers v. Lashley, 2002 OK 14, ¶ 22, 44 P.3d 553, 563 ("[Gross negligence] falls short of an intentional wrong's equivalent."); Graham v. Keuchel, 1993 OK 6, 847 P.2d 342, 362 ("While 'ordinary' and 'gross' negligence differ in *degree*, 'negligence' and 'willful and wanton misconduct' differ in *kind*.") (emphasis in original).

Defendants argue in their response that their opinion was "correct under Oklahoma law construing coverage under liability insurance policies, general insurance law and case law from other jurisdictions" because they correctly advised Plaintiff that "there is no coverage under liability policies for intentional acts likely to cause harm." (Def.'s Resp., Dkt. No. 38, at 16.)[3] However, this argument overlooks that Defendants gave Plaintiff two

---

[3] Defendants argue in the alternative that there is a fact question with respect to how their opinion letters should be interpreted. However, Defendants clearly stated that "intentional and

pieces of advice: (1) that gross negligence equates to an intentional act under Oklahoma law and (2) that intentional acts are not covered "occurrences" under the insurance policies Plaintiff issued to Thomas. Plaintiff does not challenge the second portion of Defendants advice, that intentional acts are not occurrences under a liability policy. Indeed, this is a correct statement. Plaintiff instead disputes only the validity of Defendants' first assertion, relating to whether gross negligence is an intentional act under Oklahoma law.

## IV. CONCLUSION

As Plaintiff's attorney, Defendants owed Plaintiff the duty of competent representation, which includes thorough preparation and knowledge of the relevant law. Because gross negligence is not the equivalent of an intentional act, the Court finds that Defendants breached their duty of competence to Plaintiff by giving Plaintiff incorrect legal advice, contrary to settled Oklahoma precedent. Plaintiff has presented facts constituting Defendants' professional negligence.

Accordingly, the Court GRANTS Plaintiff's motion for partial summary judgment (Dkt. No. 36).

---

gross negligence . . . are one and the same" and that "[i]n Oklahoma, 'gross negligence' is an intentional act." (Pl.'s Br. Ex. 3 at 2; Pl's Br. Ex. 5 at 2.) And, as Defendants themselves asserted in a letter to Plaintiff, the question of whether gross negligence is an uncovered intentional act "is purely contractual and legal," not factual, making it an appropriate inquiry for summary judgment. (Pl.'s Br. Ex. 8 at 2.)

IT IS SO ORDERED this 19th day of September, 2012.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge