IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE GRAY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-11-733-C ) |
| RODNEY J. HEGGY, INDIVIDUALLY, and HEGGY & ASSOCIATES, L.L.C., | ) ) ) ) ) ) |
| Defendants. | ) |

# INSTRUCTIONS TO THE JURY

Instruction No. _1_

## OPENING

Members of the Jury, you have heard the evidence in this case and in a few minutes you will hear the arguments of counsel. It is now the duty of the Court to instruct you as to the law applicable to this case. You will be provided a written copy of these instructions for your use during deliberations.

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. The weight of the evidence is not determined by the number of witnesses testifying on either side. In determining weight or credibility, you may consider the interest, if any, that a witness may have in the result of the trial; the relation of the witness to the parties; the bias or prejudice if any has been apparent; the candor, fairness, intelligence, and demeanor of the witness; the ability of the witness to remember and relate past occurrences; the witness's means of observation and the opportunity of knowing the

matters about which the witness has testified; the inherent probability or improbability of the testimony; and the extent to which the witness has been supported or contradicted by other credible evidence.  From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge that you each possess in common with other persons, you will reach your conclusions.

The arguments and statements of the attorneys are not evidence.

At times during trial you saw lawyers make objections to questions asked by other lawyers, and to answers by witnesses.  This simply meant the lawyers were requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from either the objections or my rulings.  These are only related to the legal questions that I had to determine and should not influence your thinking.  If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

It is my job to decide what rules of law apply to the case and all the applicable law is contained in these instructions. You must not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound to follow them.

Instruction No. 2

# BURDEN OF PROOF

The burden is upon the plaintiff, in a civil action such as this to prove every essential element of its claims by a preponderance of the evidence.

To "establish by preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

If the proof is insufficient to establish any essential part of a claim or defense by a preponderance of the evidence, you should find against the party making that claim.

Instruction No. 3

## **CORPORATE PARTIES**

The corporate parties in this case are entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and you should decide the case with the same impartiality you would use in deciding a case between individuals.

Corporations can act only through their officers and employees. Any act or omission of an officer or employee while acting within the scope of his or her employment is the act or omission of the corporation.

Instruction No. __4__

## **EXPERT WITNESS**

Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

Instruction No. 5

# LEGAL MALPRACTICE - ELEMENTS OF LIABILITY

A party asserting a claim for legal malpractice has the burden of proving each of the following propositions:

Element No. 1:  the existence of an attorney-client relationship between Plaintiff and the attorney;

Element No. 2:  during that relationship, the attorney was negligent in giving advice to the Plaintiff;

Element No. 3:  that the Plaintiff detrimentally relied on the advice given by the attorney;

Element No. 4:  the attorney's negligence was the direct cause, as defined in these instructions, of some injury to the Plaintiff, and but for the attorney's negligence, the Plaintiff would not have been injured;

Element No. 5:  that the Plaintiff has, in fact, been injured as a result of the attorney's negligence.

The Court has previously ruled that Element (1), that an attorney-client relationship existed between Plaintiff and Defendants, and Element (2), that Defendants incorrectly advised Plaintiff that gross negligence was equivalent to an intentional act under Oklahoma law, have been established as a matter of undisputed fact and law. Therefore, you must determine whether Plaintiff has met its burden of proof on the remaining elements of its Legal Malpractice claim: Elements (3), (4), and (5).

You are instructed that Plaintiff is not pursuing any claims against Defendants for alleged negligent advice in connection with Plaintiff's issuance of a reservation of rights letter.

Instruction No. 6

## DIRECT CAUSE

The elements of legal malpractice require that the attorney's negligence directly or proximately cause the Plaintiff's injuries. Direct cause means a cause which, in a natural or continuous sequence, produces injury and without which the injury would not have happened. For an attorney's professional negligence to be a direct cause, it is necessary that some injury to a person in Plaintiff's situation must have been a reasonably foreseeable result of the attorney's negligence.

Instruction No. 7

## DAMAGES

If you find that the Plaintiff has established the remaining elements of its claim of legal malpractice, then you must determine the damages, if any, to which it is entitled.

The fact that I instruct you on damages should not be taken by you as indicating one way or another whether the Plaintiff is entitled to recover anything. This is entirely for you to decide.

If you find that the Plaintiff detrimentally relied on the Defendants' negligent legal advice, and that as a direct result Plaintiff was injured, then you should proceed to consider the amount of damages, if any, to be awarded.

If you award damages, they should be in an amount that will fully and fairly compensate the Plaintiff for the injury it has suffered. However, damages may not be awarded in excess of that amount. Furthermore, you are not to award any damages for any loss or injury

which the Plaintiff may have suffered unless it has been established by a preponderance of the evidence that the loss or injury was directly or proximately caused by the act of the Defendants.

Instruction No. 8

## **DAMAGES - MITIGATION**

In fixing the amount of money that will reasonably and fairly compensate the Plaintiff, if any, you are to consider that a person whose business is injured must exercise ordinary care to minimize existing injuries and to prevent further injury. If any injury results from a failure to exercise such care, damages cannot be recovered for such loss.

Instruction No. 9

# CLOSING

When you retire you should elect one person as your presiding juror. That person will preside over the deliberations and speak for you with the Court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. Your decision must be based upon probabilities. It may not be based upon possibilities, speculation, or guesswork. However, nothing that I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. You must not use any method of chance in arriving at your verdict, nor let sympathy or prejudice affect the outcome.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

A verdict form will be sent to the jury room with you, along with these written instructions of the Court. I suggest you study the verdict form early in your deliberations so you know what you must decide. All of you must agree on a verdict and when you do, the presiding juror will sign the verdict. Notify the bailiff when you have arrived at a verdict so that you may return it to open court.

In a few moments, you will go with the bailiff to the jury room to begin your deliberations. If any of you have cell phones or similar devices with you, you are instructed to be sure they are turned off and then turn them over to the bailiff as you enter the jury deliberation room. They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating. The purpose of this

requirement is to avoid any interruption or distraction during your deliberations and to avoid any question of outside contact with the jury during your deliberations.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff signed by your presiding juror. In the message do not tell me how you stand on your verdict. No member of the jury should ever attempt to communicate with me except by a signed writing. You will note from the oath about to be taken by the bailiff, that during the course of your deliberations, the bailiff, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

*Robin J. Cauthron* 1/23/13
ROBIN J. CAUTHRON
UNITED STATES DISTRICT JUDGE